UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| TRAVION TERRETT FORD,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>SOTO, Warden,<br><br>　　　　Respondent. | Case No. CV 13-5115-GW (DFM)<br><br>Final Report and Recommendation of United States Magistrate Judge |

　　　This Final Report and Recommendation is submitted to the Honorable George H. Wu, United States District Judge, pursuant to the provisions of 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

## I.

## BACKGROUND

　　　On August 31, 2009, Petitioner Travion Terrett Ford was convicted by a Los Angeles County Superior Court jury of one count of second-degree murder with a knife. Respondent's Notice of Lodging, Lodged Document ("LD") 1 at 1. The trial court sentenced Petitioner to a state prison term of 16 years to life. LD 1 at 2.

Petitioner appealed to the California Court of Appeal on grounds including those alleged in his Petition to this Court. See LD 2, Exh. 1 at 2. On July 8, 2011, the California Court of Appeal rejected Petitioner's claims in a written opinion on the merits. LD 2, Exh. 1. On October 12, 2011, Petitioner's petition for review was summarily denied by the California Supreme Court. LD 3.

On July 9, 2013, Petitioner constructively filed a Petition for Writ of Habeas Corpus by Person in State Custody pursuant to 28 U.S.C. § 2254. See Dkt. 1 ("Petition").[1] He raised the following claims for relief: (1) the trial court violated his right to due process by its failure to properly instruct the jury regarding the definition of mutual combat; (2) the trial court violated due process by its failure to adequately instruct the jury regarding Petitioner's right to use deadly force in self-defense; (3) defense counsel's failure to object to these erroneous instructions or request further instructions constituted ineffective assistance of counsel; and (4) the trial court violated due process when it erroneously excluded evidence of the victim's combat training. Petition at 7-10.[2]

On August 6, 2013, the previously-assigned U.S. Magistrate Judge issued an order directing Petitioner to show cause why his petition should not be dismissed with prejudice because it was barred by the applicable one-year

---

[1] Petitioner is entitled to application of the prison "mailbox rule," pursuant to Houston v. Lack, 487 U.S. 266, 276 (1988). Thus, the Court will deem the filing date of this Petition as the date that Petitioner signed the document. See Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) ("When a prisoner gives prison authorities a habeas petition or other pleading to mail to court, the court deems the petition constructively 'filed' on the date it is signed.").

[2] For clarity, all page references in citations to Petitioner's submissions will use the CM/ECF pagination.

statute of limitations. See Dkt. 3. The order to show cause told Petitioner that the Petition appeared to be untimely and directed Petitioner to set forth a factual and legal basis for a claim that the statute of limitations should be tolled or the start date extended. See id. at 6. On October 2, 2013, Petitioner filed a response in which he argued that his Petition was untimely because he lost access to his legal materials as the result of a library lockdown in November 2012. See Dkt. 9 ("Response").

On October 4, 2013, this Court issued an order discharging the order to show cause and requiring a response to the Petition, noting that it was unable to determine from the record without the benefit of Respondent's input whether Petitioner was potentially entitled to equitable tolling. See Dkt. 10 at 2. The order further provided that Respondent had 30 days to file a motion to dismiss and that Petitioner's opposition would be due within 20 days of service of any such motion. Id.

After being granted extensions of time, on January 31, 2014, Respondent moved to dismiss the Petition on the ground that it was untimely under 28 U.S.C. § 2244(d). Dkt. 21. Petitioner has not filed an opposition.

## II.
## PETITIONER'S PETITION IS TIME BARRED

Respondent contends that the Petition is barred by the statute of limitations. See Dkt. 21. For the reasons set forth below, the Court agrees. Accordingly, the Court recommends that Petitioner's Petition be dismissed with prejudice as untimely filed.

### A.   Petitioner's Petition Is Facially Untimely

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year limitations period applies to a federal petition for writ of habeas corpus filed by a person in state custody. See 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of four alternative accrual dates. See

28 U.S.C. § 2244(d)(1)(A)-(D). In most cases, including this one, the limitations period begins running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The California Supreme Court denied Petitioner's petition for review on October 12, 2011. See LD 3. Petitioner does not appear to have filed a petition for writ of certiorari. Therefore, his conviction became final 90 days later, on January 10, 2012. See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999).

Petitioner then had one year from the date his judgment became final, or until January 10, 2013, to file a timely habeas corpus petition in this Court. See Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001). Petitioner did not constructively file his Petition in this Court until July 9, 2013. See Dkt. 32. Absent some basis for tolling the limitations period for that period of time of nearly seven months, the Petition is untimely.

**B.     The Record Does Not Establish Extraordinary Circumstances to Justify Equitable Tolling**

In Holland v. Florida, 560 U.S. 631, 130 S. Ct. 2549, 2562 (2010), the Supreme Court held that the AEDPA's one-year limitation period is subject to equitable tolling in appropriate cases. However, in order to be entitled to equitable tolling, the petitioner must show both that (1) he has been pursuing his rights diligently and (2) some extraordinary circumstance stood in his way and prevented his timely filing. Id. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). The Ninth Circuit has held that this standard is consistent with the Ninth Circuit's "sparing application of the doctrine of equitable tolling." Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009). Thus, "[t]he petitioner must show that 'the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time.'" Porter v. Ollison,

4

620 F.3d 952, 959 (9th Cir. 2010) (quoting Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009)). "Indeed, the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation marks and citation omitted). Consequently, as the Ninth Circuit has recognized, equitable tolling will be justified in few cases. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003); see also Waldron-Ramsey, 556 F.3d at 1011 ("To apply the doctrine in 'extraordinary circumstances' necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances 'stood in his way' suggests that an external force must cause the untimeliness, rather than, as we have said, merely 'oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.'").

In his response to the Court's Order to Show Cause, Petitioner asserts that he was prevented from timely filing his Petition by a November 2012 riot at Calipatria State Prison. Response at 1-2.[3] Petitioner states that he was in the law library with "necessary portions of my trial transcripts" when a riot occurred and he was instructed to leave the library without his materials. Id. at 2. Petitioner asserts that he attempted to recover his materials through requests and a Form 602 Parolee Appeal in November and December of 2012 but received no response before he was transferred to a different facility on January 31, 2013. Id. at 2, 5-10. He states that he requested additional copies of his materials from his trial attorney on April 23, 2013, and received them on May 10, 2013. Id. at 3.

///

---

[3] In his Response, Petitioner offers no argument for statutory tolling or an alternative start date for the statute of limitations.

Respondent's motion to dismiss included contradictory evidence from prison officials at Calipatria State Prison where Petitioner was incarcerated from November 2012 to January 31, 2013. Correctional Captain Michele Whitman confirms that an inmate riot took place at Petitioner's facility on November 5, 2012. Whitman Decl. ¶ 3, Exh. A. Captain Whitman states that there were no other inmate disturbances that month. Id. ¶¶ 5, 6. Senior Librarian Anna Shih states that the library's "ducat list" and log do not reflect that Petitioner was in the library on November 5, 2012. Shih Decl. ¶¶ 3, 4. She attaches copies of the ducat list and library log to verify her account. Id., Exhs. A & B. Finally, Porfirio Nava, a correctional counselor at the prison, states that he has reviewed the Form 602 Parole Appeal attached by Petitioner to his Response, and that there is no indication in the prison's records that Petitioner ever filed this form with prison officials. Nava Decl. ¶¶ 3-5.

Petitioner offers no response to these statements, which taken together strongly suggest that his story for why his Petition was not timely filed is a fiction.[4] However, even if the Court accepts Petitioner's version of events, Petitioner has still failed to meet his burden of showing that he is entitled to equitable tolling because he has not shown that "extraordinary circumstances" beyond his control prevented him from filing his Petition on time. The Court finds that Petitioner has failed to allege any causal connection between the deprivation of access to his legal documents and the untimeliness of his Petition.

---

[4] This interpretation finds support in two additional facts: first, none of the documents Petitioner submitted bears any indication of processing or receipt by prison officials; and second, two of the documents submitted by Petitioner are dated in December 2013, or three months after they were submitted to the Court, see Response at 8-9, an error that suggests that Petitioner created them in 2013 in an effort to substantiate his claim of equitable tolling.

Specifically, Petitioner fails to identify any specific legal document that was lost due to the riot, other than a vague reference to "necessary portions of my trial transcripts." See Dkt. 9 at 2. It thus does not appear that this is a matter in which Petitioner can claim a complete lack of access to his legal files. See Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009) (noting that "we have previously held that a complete lack of access to a legal file may constitute an extraordinary circumstance" justifying application of equitable tolling). More critically, Petitioner fails to specify why these particular transcripts were crucial to the filing of the claims alleged in the Petition. See Chaffer v. Prosper, 592 F.3d 1046, 1049 (9th Cir.2010) (finding allegations that petitioner lacked access to his legal files insufficient, where petitioner did not point to specific instances where he needed a particular document that he could not procure); Waldron-Ramsey, 556 F.3d at 1013-14 (finding petitioner not entitled to equitable tolling where he "d[id] not point to specific instances where he needed a particular document . . . and could not have procured that particular document when needed"). In fact, it appears that the claims raised in the Petition are identical to those raised in Petitioner's petition for review to the California Supreme Court. Compare Petition with LD 2. The Petition contains no additional legal research and makes no new allegations; notably, it contains no reference to any trial transcript or any other material allegedly received from Petitioner's trial counsel.

Moreover, even if the Court assumes that Petitioner's loss of unspecified materials on the day of the riot was the actual cause of the untimely filing of his Petition, the Court also finds that Petitioner has not shown that he diligently pursued his rights. By Petitioner's own account, when he contacted his counsel in April 2013 to ask for a copy of his materials, she responded in a little more than two weeks. If Petitioner had contacted her in November or December 2012, he may well have received copies of the materials before the

January 10, 2013 deadline for filing his Petition. See Pace, 544 U.S. at 418 ("Even if we were to accept Petitioner's theory, he would not be entitled to [equitable tolling] because he has not established the requisite diligence."); Chaffer, 592 F.3d at 1049 (finding petitioner failed to demonstrate reasonable diligence where he failed to make any specific allegation as to what he did to pursue his claims and complain about the situation while the limitations period was running). Nor does Petitioner offer an explanation for his failure to contact his counsel before April 2013, even though he was transferred from Calipatria on January 31, 2013. Finally, Petitioner offers no explanation for why his Petition was not filed for almost two months after he received a copy of his trial materials from his counsel. Although the diligence required for equitable tolling is reasonable diligence, not maximum feasible diligence, Doe v. Busby, 661 F.3d 1001, 1012 (9th Cir. 2011), Petitioner has failed to demonstrate that he exercised reasonable diligence, which breaks any possible link of causation between deprivation of access to his legal materials and his failure to file a timely petition. Spitsyn, 345 F.3d at 802.

### III.
### CONCLUSION

IT THEREFORE IS RECOMMENDED that the District Court issue an Order: (1) accepting this Report and Recommendation; (2) dismissing the Petition as untimely filed; (3) directing that Judgment be entered denying the Petition and dismissing this action with prejudice.

Dated: November 13, 2014

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge